**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4235

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LATONYA RENEE DAVIS, a/k/a Pooh,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Chief District Judge. (0:04-cr-00898-JFA-2)

Submitted: January 16, 2008         Decided:  March 12, 2008

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

I.S. Leevy Johnson, JOHNSON, TOAL & BATTISTE, P.A., Columbia, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On May 14, 2004, LaTonya Davis traveled from Charlotte, North Carolina to Columbia, South Carolina to meet Anthony White. White wished to exchange cocaine he had purchased earlier through Davis because the cocaine was not properly cooking into crack and to purchase additional cocaine. Three of Davis' cohorts - Roy Sargeant, Curtis Ashford, and Horace Vaughn, Jr. - traveled to Columbia as well, in a separate vehicle. Davis and the three men intended to rob White of his drugs and money. After meeting White in Columbia, Davis led White's car north on I-26. At a predetermined exit, Davis exited I-26 and honked her horn to signal Sargeant and Ashford, who were lying in wait for White in a ditch beside the road.

As the two vehicles approached the end of the exit ramp, Sargeant and Ashford approached White's vehicle, in an attempt to rob White. However, Davis did not come to a complete stop at the end of the ramp and thereby failed to block White's vehicle. Sargeant and Ashford then fired multiple shots into White's car. Robin Platts, White's girlfriend, was driving White's car and was killed by a shot fired by Sargeant. From the passenger seat, White managed to maneuver the vehicle back onto I-26, where he succeeded in flagging down help. Davis and her fellow assailants fled the scene.

- 2 -

Officers responding to the scene discovered a backpack containing cocaine residue and $44,875 in cash. During a search of the woods, officers discovered approximately one kilogram of cocaine, which White admitted to hiding. As a result of the shooting, the Federal Bureau of Investigation ("FBI") began investigating Davis, Sargeant, White, Ashford, Vaughn and others. Through cell phone records, the FBI connected White to Davis and then Davis to Sargeant. Agents stopped Sargeant on September 28, 2004, and discovered 250.57 grams of marijuana and 12.18 grams of crack cocaine in Sargeant's vehicle. A subsequent search of Sargeant's apartment resulted in officers seizing drugs and multiple firearms. Sargeant, a convicted felon, was arrested on federal gun and drug charges.

Davis was ultimately arrested and admitted to involvement in a drug conspiracy with Sargeant and others, involving kilogram quantities of cocaine. On August 17, 2005, Davis was indicted in a Third Superseding Indictment for: (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 841 (2000) (Count One); (2) the intentional killing of Robin Platts while engaged in the offense described in Count One, in violation of 21 U.S.C. § 848(e)(1)(A) (2000) and 18 U.S.C. § 2 (2000); and (3) the unlawful killing of Robin Platts while in possession of a firearm during and relation to a drug trafficking

crime and a crime of violence, in violation of 18 U.S.C.A. § 924(j)(1) (West 2000 and Supp. 2007). Prior to this Third Superseding Indictment, Sargeant began cooperating with the Government. Sargeant admitted to his involvement in the drug conspiracy and the killing of Robin Platts and entered into a plea agreement. Ashford, likewise, eventually entered into a similar plea agreement.

Unlike her co-conspirators, Davis pled not guilty and proceeded to a jury trial. At Davis' trial, Sargeant, Ashford, and White all testified on behalf of the Government. Following a two week trial, Davis was found guilty on October 31, 2006, of all three counts. On February 27, 2007, Davis was sentenced to life imprisonment on each count to be served concurrently. Davis timely noted her appeal and raises two alleged errors on appeal. For the reasons that follow, we affirm the district court.

Davis first contests her conviction under Count Seven of the indictment. Count Seven of the indictment charges that Davis "during and in relation to a drug trafficking crime and a crime of violence" in violation of § 924(c), unlawfully killed Robin Platts, all in violation of § 924(j)(1). According to Davis, the Government failed to prove that the car Platts and White were traveling in had moved in interstate commerce and, thus, failed to establish the predicate § 924(c) crime of violence - namely, car-jacking. Consequently, Davis argues that the Government failed to

establish a violation of § 924(j)(1). Even assuming Davis is correct that the Government failed to prove an essential element of car—jacking, her argument that the Government failed to prove a predicate § 924(c) offense is nevertheless without merit.

Count Seven of the Third Superseding Indictment alleged the unlawful killing of Platts occurred "during and in relation to a drug trafficking crime and a crime of violence . . . with premeditation in perpetration of the offenses alleged in Count One . . . ." As a general rule, "'when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged.'" United States v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985) (quoting Turner v. United States, 396 U.S. 398, 420 (1970)). Thus, Davis' conviction on Count Seven may be sustained if the evidence, viewed in the light most favorable to the Government, was sufficient to support the jury's verdict that Platts' killing occurred during and in relation to the drug trafficking conspiracy. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (quoting United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996)(internal quotations omitted)).

Here, White testified that he purchased between five and ten kilograms of cocaine from Davis. Sargeant testified that he purchased five to seven kilograms of cocaine from Davis. Their testimony was corroborated by Davis' statements to law enforcement.

Davis admitted to having taken White to meet her cocaine suppliers. Davis admitted to dealing seven to eight kilograms of cocaine to White and to knowing that he cooked the cocaine into crack. Davis admitted that White was upset that the cocaine was not cooking into crack and that she agreed to meet him to exchange the cocaine. Davis admitted to planning with Sargeant to rob White of money and drugs during their meeting to exchange White's cocaine. This evidence was sufficient to connect Davis to the drug conspiracy, and the killing of Platts to the drug conspiracy. Accordingly, Davis' contention lacks merit because the Government clearly satisfied its burden of proving the existence of a "drug trafficking crime," as defined by § 924(c)(2).

Davis next argues that her sentence violates the Eighth Amendment. According to Davis, she received a more severe sentence than each of her co-defendants who entered plea agreements because of her decision to exercise her Fifth Amendment right to a jury trial.

Plea bargaining is a well established, "approved method of encouraging guilty pleas by offering a defendant the certainty of a lesser punishment or the possibility of a more severe punishment." United States v. Carter, 804 F.2d 508, 513 (9th Cir. 1986) (citing Frank v. Blackburn, 646 F.2d 873, 878 (5th Cir. 1980)(internal quotations omitted)); see Brady v. United States, 397 U.S. 742, 753 (1970). Here, Sargeant and Ashford entered plea

agreements with the Government and stipulated to the application of the murder cross-reference to their advisory guidelines range. This stipulation resulted in a base offense level of 43 and a corresponding advisory sentence of life imprisonment. U.S.S.G. §§ 2D1.1(d)(1) and 2A1.1(a). Because Sargeant and Ashford pled guilty, each received a three level reduction for acceptance of responsibility, which reduced their base offense level to level 40. Sargeant and Ashford also received the benefit of a § 5K1.1 motion due to their cooperation with the Government and because they testified at Davis' trial. "The single fact of a disparity in sentences between a defendant who stands trial and a co-defendant who pleads guilty does not require appellate reversal, as has often been recognized." United States v. Brainard, 745 F.2d 320, 324 (4th Cir. 1984). Thus, Davis' argument is without merit.

Additionally, to the extent Davis claims her sentence is disproportionate to the offenses of conviction, her claim is, likewise, without merit. Three factors should be considered in an Eighth Amendment proportionality review: "[(1)] the gravity of the offense and the harshness of the penalty; [(2)] the sentences imposed on other criminals in the same jurisdiction; and [(3)] the sentences imposed for the commission of the same crime in other jurisdictions." Solem v. Helm, 463 U.S. 277, 292 (1983).

First, to the extent the Solem v. Helm analysis is still required, it is unarguable that the gravity of Davis' offense is

great.  "Drug use, and the use of crack in particular, has become a pervasive, destructive force in American society." United States v. D'Anjou, 16 F.3d 604, 613 (4th Cir. 1994).  Davis was involved with a drug conspiracy responsible for the distribution of at least 50 grams of cocaine base and five kilograms of cocaine.  Moreover, as a direct result of Davis' involvement in the conspiracy and the attempted robbery of White, Robin Platts was killed.  Although Davis' punishment is also grave, a life sentence for repeatedly dealing drugs cannot be considered disproportionately cruel and unusual, particularly where, as here, the conspiracy directly caused the death of another.  See D'Anjou, 16 F.3d at 613.  Second, to the extent that only the second and third Solem prongs apply, see Harmelin v. Michigan, 501 U.S. 957 (1991), this court has already "found that a life sentence for a major drug violation is not disproportionate in comparison with other sentences under the Guidelines."  D'Anjou, 16 F.3d at 613.  Thus, Davis has failed to show an Eighth Amendment violation.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 8 -